## IN THE MATTER OF THE APPLICATION OF W. W. WILSON FOR A WRIT OF HABEAS CORPUS.[1]

CRIMINAL LAW.—CUMULATIVE SENTENCES.—Where a defendant is found guilty under several separate indictments, a judgment sentencing him to imprisonment for a specific term of years under each indictment, the sentence in each case after the first to commence and be in force from and after the expiration of the sentence in the case preceding, authorizes his detention for the aggregate period of all the sentences.

(No. 567.   Decided Jan. 28, 1895.   39 P. R. 498.)

Original application for a writ of *habeas corpus* upon the relation of W. W. Wilson against the United States Marshal of Utah Territory.   *Writ Denied.*

*Mr. S. P. Armstrong,* for petitioner.

Comp. Laws 1876, § 2221, p. 650, provided for cumulative sentences.   In 1878 an act was passed entitled, "An act regulating the mode of procedure in criminal cases," the first section of which provides "that the mode of procedure in criminal cases in the courts of this territory shall be as prescribed in this act."   Session Laws 1878, p. 60.   The chapter relating to judgments omitted to re-enact section 2221.   Section 342 provided, "if the judgment is for imprisonment * * * the defendant must forthwith be committed to the custody of the proper officer," which is repugnant to a provision for cumulative sentences.   This is made clear by supposing a case, where one sentence should be for a felony and imprisonment in the penitentiary and the other for a misdemeanor and imprisonment in the county jail.   Petitioner does not need to rely upon a repeal on the ground of repugnance; because the revision,

---

[1] Appealed to the Supreme Court of the United States, Dec. 9, 1895.   Pardoned at the request of the People, Jan. 4, 1896.

—the adoption of a code which is complete in itself and covers the whole subject, repeals everything within its purview which is not re-enacted and included within the new act. It is unreasonable to suppose that the legislature intended to retain the provision relating to cumulative sentences and yet omitted it from the Code of Procedure. Judge Sutherland in his work on Statutory Construction, § 154, says: "Revision of statutes implies a re-examination of them. The word is applied to a re-statement of the law in a corrected or improved form. The re-statement may be with or without material change. A revision is intended to take the place of the law as previously formulated. * * * The revision is a substitute; it displaces and repeals the former law as it stood relating to the subjects within its purview. * * * Does a revision import that it should displace the last previous form; that it is evidently intended as a substitute for it; that it is intended to prescribe the only rule to govern? In other words, will a revision repeal by implication previous statutes on the same subject, though there be no repugnance ? The authorities seem to answer emphatically, Yes." See, also, *Bartch* v. *Meloy*, 8 Utah, 426; *Rodgers* v. *Watrous*, 58 Am. Dec. 100; *Fisk* v. *Henarie*, 142 U. S. 467; *In re Wheelock*, 3 N. Y. Supp. 891; *Nichols* v. *Squires*, 5 Pick. 168. "Where a new statute in itself comprehends the entire subject, and creates a new, independent and entire system respecting the subject matter, it is universally held to repeal and supersede all previous systems and laws respecting the same subject matter." *Stebbins* v. *State*, 22 Tex. App. 35. There being no statutory provision authorizing it, a sentence cannot be fixed to commence at the expiration of a preceding sentence. *In re Lampere*, 61 Mich. 105; *Miller* v. *Allen*, 11 Ind. 389; *Kennedy* v. *Howard*, 74 Ind. 89; *Hannahan* v. *State*, 7 Tex. App. 664–6; *Baker* v. *State*, 11 Tex. App. 262–4. Even where the statute authorizes it,

cumulative sentences can only be pronounced in cases clearly within the terms of the statute. *Ex parte Meyers*, 44 Mo. 280; *People* v. *Liscom* (Tweed's case), 60 N. Y. 575.

There are many decisions apparently in conflict with the above, but they arise in states that have not adopted a code of criminal procedure, but where in most part the procedure is according to common law. In such states cumulative sentences are allowed. Many of the cases cited by Mr. Bishop, in his different text books do not sustain his position. Evidently he did not examine the statutes under which the decisions were rendered. He does not notice that some of the cases were decided under statutes which expressly provide for cumulative sentences, while in the others the statute does not prescribe the time when the sentence is to take effect. Nor does he note any distinction between sentences for misdemeanors and felonies. Mr. Bishop also fails to distinguish the cases arising in those states where the statutes require the sentences to commence in *præsenti*, from those where it does not. Mr. Bishop and the courts which have upheld cumulative sentences, failed to note that the common law did not authorize cumulative sentences in cases of felony. Judge Campbell (*In re Lampere*, 61 Mich. 105) clearly points out this distinction which was made by the common law. In the case of the *People* v. *Tweed* (60 N. Y. 590), the court, after a careful review of the authorities concludes that cumulative sentences could not be imposed at common law. In Utah, the common law, as well as the former statute allowing cumulative sentences, was abrogated by the adoption of the Code of Criminal Procedure. *M. & O. Ry. Co.* v. *Weiner*, 49 Miss. 739; *Stebbins* v. *State*, 22 Tex. App. 35; *Com.* v. *Dennis*, 105 Mass. 162; *Com.* v. *Cooley*, 10 Pick. 39; *Larkin* v. *Larkin*, 2 Allen, 46; *State* v. *McGrew*, 11 Ia. 113. Again, the second and all subsequent sentences are uncertain as to the time when they

are to take effect, because the statute which provides for rewards to convicts (2 Comp. Laws p. 761) places it in the power of the warden to fix the time of the expiration of the first, and all subsequent sentences anywhere between ten months and one year from the time the sentence takes effect. In the language of Judge Campbell, "The second sentence in the present case comes within the same mischief (as in Bloom's case) inasmuch as the time for its beginning is not made to depend on the action of the law or of any court, but it rests with the prison authorities to determine how much, if any, time is to be allowed for good conduct." *In re Lampere,* 61 Mich. 108. Thus the time when any of the eight sentences expire, and consequently the time when the sentence which follows it begins, is made to depend upon several contingencies,— upon the conduct of the prisoner himself, upon the rules of the prison, and very likely upon the condition of the digestive organs of the warden. Uncertainty in the time when a sentence is to begin renders it void. *In re Bloom,* 53 Mich. 597.

*Mr. J. W. Judd,* U. S. Attorney, *contra.*

MERRITT, C. J.:

The petition alleges that the petitioner is imprisoned and unlawfully restrained of his liberty by the United States marshal of Utah territory, by imprisonment in the Utah penitentiary. That said imprisonment is illegal, and without any probable cause. That the illegality thereof consists in this: That on the 28th day of February, 1890, in the Third District Court of Utah, the petitioner pleaded guilty to eight indictments, each charging him with the crime of grand larceny. That the said offense in each indictment charged was the taking of a horse, eight horses having been taken, from eight several owners. On March

3, 1890, the said court rendered judgment in the said eight cases, and sentenced the petitioner to imprisonment in the Utah penitentiary for a term of one year on each indictment. The cases were numbered in the district court 555, 556, 557, 558, 559, 560, 561, and 562. The sentence in said district court, in case No. 555, was for the term of one year. The sentence in case No. 556 was for the term of one year, to commence and be in force immediately after the expiration of the sentence in case No. 555, and so on through the eight cases. Thus the sentences were made cumulative, each commencing at the expiration of a preceding sentence, the aggregate of the sentences being eight years. The petition is based on the ground that there is no authority of law to impose cumulative sentences. To the petition the United States district attorney filed a demurrer, on the ground that the facts stated in the petition did not entitle the petitioner to a discharge until the expiration of the several terms of imprisonment.

· Our statutes are silent on the subject, there being no legislation by the territory directing the courts as to the mode of procedure. We must therefore resort to the common law for a solution of the question. By the act of congress to establish a territorial government for Utah, among other things, it is provided "that the supreme court and the district court, established by said act, shall possess chancery as well as common-law jurisdiction." *Clawson* v. *U. S.*, 114 U. S. 477, 5 Sup. Ct. 949. 1 Bish. Cr. Law (7th ed.) § 953, states the law as follows: "When a prisoner, under an unexpired sentence of imprisonment, is convicted of a second offense, or where there are two or more convictions on which sentence remains to be pronounced, the judgment may direct that such succeeding period of imprisonment shall commence on the termination of the period next preceding." In volume 1 of Bishop's Criminal Procedure (section 1310) the rule is

stated as follows: "And at common law, if a sentence to imprisonment is to commence running on the expiration of another, it must be so stated, else the two punishments will be executed simultaneously." As before stated in this case, each sentence was to commence at the expiration of the next preceding one. In the case of *People* v. *Forbes*, 22 Cal. 135, it was ruled that "a judgment in a criminal action that the defendant be imprisoned for a specific term, to commence at the expiration of previous sentences, is valid, and warrants the detention of the defendant for the aggregate period for all of the sentences." See, also, *Martin* v. *People*, 76 Ill. 499; *Johnson* v. *People*, 83 Ill. 431; *Ex parte Dalton*, 49 Cal. 463; *In re Packer*, 33 Pac. 578. The writ is denied.

BARTCH, SMITH, and KING, JJ., concur.