### In re GREENWALD.

(Circuit Court, N. D. California. November 18, 1896.)

1. **HABEAS CORPUS—CONVICTION OF CRIME—DISCHARGE.**

Where a prisoner, seeking to be discharged on habeas corpus, shows in his petition for the writ that his imprisonment is under and by virtue of a judgment of a court, competent to try the offenses for which he is imprisoned, directing him to be imprisoned on conviction of such offenses, it is necessary for him, in order to entitle himself to his discharge, to show the nullity of such judgment, or that he has served the sentence pronounced by it.

2. **IMPRISONMENT UNTIL PAYMENT OF FINE.**

While there is no statute of the United States in terms providing that a fine imposed may be enforced by imprisonment until it is paid, Rev. St. § 1042, implies that this may be done; but there is nothing to indicate that such imprisonment may be extended beyond the maximum term of imprisonment fixed by congress in punishment of the particular offense denounced, and no authority for imprisonment in a state prison in default of the payment of a fine imposed.

3. **CRIMINAL LAW—SUCCESSIVE SENTENCES.**

Successive sentences may be imposed upon a defendant, convicted of several offenses included in one indictment.

In the Matter of the Application of Louis Greenwald for a Writ of Habeas Corpus.

Crandall & Bull, for petitioner.
Samuel Knight, Asst. U. S. Atty., for respondent.

ROSS, Circuit Judge. The petition for a writ of habeas corpus in this case alleges that the petitioner, Louis Greenwald, is imprisoned in the California state prison, in charge of W. E. Hale, the warden thereof, under judgment and commitment thereon of the district court of the United States for the Northern district of California. Annexed to and made a part of the petition is a copy of the commitment. The commitment commands the marshal of the district to take and keep and safely deliver the said Louis Greenwald into the custody of the keeper or warden or other officer in charge of the state prison at San Quentin, Marin county, Cal., forthwith, and further commands the said keeper and warden and other officer in charge of the said prison to receive from the marshal the said Louis Greenwald, and keep and imprison him therein, "for a

term of six years, and until each and every and all of said fines be paid, or until he be discharged by due process of law"; the commitment previously reciting that whereas, at the February, 1894, term of the district court for the Northern district of California, held at the court room thereof, in the city and county of San Francisco, on the 19th day of May, 1894, Louis Greenwald was convicted of "conspiracy, smuggling opium, etc., committed on the 20th day of May, the 7th day of August, the 25th day of September, 1893, at the city and county of San Francisco, and within the state and Northern district of California, and within the jurisdiction of said court"; and further reciting that "whereas, on the 5th day of June, A. D. 1894, being a day in the said term of said court, said Louis Greenwald was, for said offenses, of which he stood convicted, as aforesaid, by the judgment of said court, ordered that on the first count of the indictment he pay a fine of two thousand dollars ($2,000), and be imprisoned for the term of two years, to date from June 5, 1894, and, in default of the payment of the said fine of two thousand dollars, that he be further imprisoned until said fine be paid, or until he be otherwise released by due process of law; and further ordered that on the fourth count of said indictment he pay a fine of two thousand dollars ($2,000), and be imprisoned for the term of two years, and, in default of the payment of the said fine of $2,000, that he be further imprisoned until said fine be paid, or until he be otherwise released by due process of law; and further ordered that the imprisonment of the said Louis Greenwald upon the judgment of imprisonment on the fourth count of the indictment commence upon the expiration of the sentence upon the first count of the indictment; and further ordered that on the eleventh count of said indictment he pay a fine of two thousand dollars ($2,000), and be imprisoned for the term of two years, and, in default of the payment of said fine of $2,000, that he be further imprisoned until said fine be paid, or until he be otherwise released by due process of law; and further ordered that the imprisonment of the said Louis Greenwald upon the judgment of imprisonment upon the eleventh count of the indictment commence upon the expiration of the sentence upon the fourth count of the indictment; and further ordered that the judgments of imprisonment be executed upon the said Louis Greenwald until the other or further order of the court, by imprisonment in the state prison of the state of California at San Quentin, Marin county, California."

The alleged illegality of the imprisonment of the petitioner, according to his petition and the argument of his counsel, consists in this: (1) That his imprisonment has continued ever since June 5, 1894, a period of more than two years, and that there is no authority of law for a longer period of imprisonment than two years for the offense for which the petitioner was sentenced. (2) That the petitioner was sentenced to imprisonment by the district court for the Northern district of California, "on three separate counts of the indictment against him, of conspiracy, smuggling opium, etc., to wit, on first, fourth, and eleventh counts of said indictment, as follows: On the first count to pay a fine of $2,000, and to be imprisoned for

two years, to date from June 5, 1894, and, in default of the payment of said $2,000 fine, then to be further imprisoned until said fine was paid, or until otherwise released by due process of law; on the fourth count to pay a fine of $2,000, and to be imprisoned for two years, and, in default of the payment of said fine, to be further imprisoned until said fine be paid, or until otherwise released by due process of law, and that the imprisonment on the fourth count begin on the expiration of the sentence on the first count; and on the eleventh count to pay a fine of $2,000, and to be imprisoned for two years, and, in default of the payment of said fine, to be further imprisoned until said fine be paid, or until otherwise released by due process of law, and that the imprisonment on the eleventh count begin on the expiration of the sentence on the fourth count; and also to be imprisoned for the term of six years, and until each and every and all of said fines be paid, or until he be discharged by due process of law; and that said sentences are, and each of them is, uncertain and indefinite, and dependent upon undefined contingencies; and it cannot be ascertained from the sentence on the fourth and eleventh counts of said indictment when said sentences, or either of them, begin or end, or when the six years' term of imprisonment begins or ends."    (3) That the imprisonment of the petitioner is illegal in that he was sentenced and has been imprisoned beyond the maximum time fixed by law, and that he has been already imprisoned for a longer period than that allowed by law.    (4) That his imprisonment is illegal in that the commitment does not show that the petitioner was convicted of any crime.    (5) That his imprisonment is illegal in that the judgment of the district court sentencing the petitioner to imprisonment does not show that he was guilty of any offense for which he can be legally sentenced to any imprisonment.    The petition also alleges "that the cause or pretense of such imprisonment, according to the best knowledge and belief of the said Louis Greenwald, is as follows, to wit:  'A judgment and decree of the district court of the United States of America, Northern district of California, directing the said Louis Greenwald to be imprisoned on conviction of conspiracy, smuggling opium,' " etc.

The writ prayed for must be awarded unless it appears from the petition itself that the petitioner is not entitled thereto.   Rev. St. § 751.   A copy of the judgment upon which the commitment set out in the petition is based is not made to appear, although the petition alleges that the petitioner is restrained of his liberty by virtue of a judgment of the district court of the Northern district of California, directing him "to be imprisoned on conviction of 'conspiracy, smuggling opium,' " etc.   It devolves, I think, upon a prisoner thus showing by his petition that his imprisonment is under and by virtue of the judgment of a court competent to try the offenses of conspiracy and smuggling opium, directing him to be imprisoned on conviction "of conspiracy, smuggling opium," etc., to show the nullity of the judgment, or that he has served the sentence pronounced by it.   Mere error, of course, cannot be considered on habeas corpus.   If the judgment is valid upon its face,

a certified copy of it is sufficient to authorize the warden to hold the prisoner, without any warrant or commitment. Ex parte Wilson, 114 U. S. 417, 421, 5 Sup. Ct. 935. And as the petition itself shows that the petitioner is restrained of his liberty under and by virtue of the judgment of a court competent to try the offenses of conspiracy and smuggling opium, and was based on his conviction of conspiracy and smuggling opium, if, for any reason, the judgment, or any part of it, under which the petitioner is held, is void, or the petitioner has served out the sentence imposed thereby, it is incumbent upon him to go further, and show that condition of things.

Notwithstanding the affirmative averment of the petition that the petitioner is held under and by virtue of the judgment of the district court of the Northern district of California, as well as under the commitment annexed to and made a part of the petition, the argument in support of the issuance of the writ is based entirely upon the matters appearing in the commitment. It is therein recited, in substance, that the petitioner was on the 19th day of May, 1894, at the February, 1894, term of the district court of the Northern district of California, held at the court room thereof in the city and county of San Francisco, convicted of "conspiracy, smuggling opium, etc., committed on the 20th day of May, the 7th day of August, the 25th day of September, 1893, at the city and county of San Francisco, and within the jurisdiction of said court," for which offenses, of which he stood convicted, the court, at a subsequent day of the term, to wit, June 5, 1894, by its judgment, sentenced him, under the first count of the indictment against him, to imprisonment in the state's prison at San Quentin, for the term of two years from June 5, 1894, and to pay a fine of $2,000, and, in default of the payment thereof, that he be further imprisoned until said fine be paid, or until he be otherwise released by due process of law; and, under the fourth count of the indictment, sentenced him (the petitioner) to imprisonment in the said prison for the period of two years, and to pay a fine of $2,000, and, in default of the payment thereof, to further imprisonment in the said prison, until the said fine be paid, or until he be otherwise released by due process of law,—such imprisonment under the fourth count of the indictment to commence upon the expiration of the sentence based upon the first count thereof; and, under the eleventh count of the indictment, sentenced him (the petitioner) to two years' imprisonment in the said prison, and to pay a fine of $2,000, and, in default of the payment thereof, to further imprisonment in the said prison until the said fine be paid, or until he be otherwise released by due process of law,—such imprisonment under the eleventh count of the indictment to commence upon the expiration of the sentence based upon the fourth count thereof.

The statute providing for the punishment of persons convicted of the crime of conspiracy is section 5440 of the Revised Statutes, which reads:

"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States in any manner or for any purpose, and one

or more of such parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable to a penalty of not less than one thousand dollars, and not more than ten thousand dollars, and to imprisonment not more than two years."

The statute providing for the punishment of persons convicted of the crime of smuggling is section 2865 of the Revised Statutes, which reads as follows:

"If any person shall knowingly and willfully, with intent to defraud the revenue of the United States, smuggle, or clandestinely introduce, into the United States, any goods, wares, or merchandise, subject to duty by law, and which should have been invoiced, without paying or accounting for the duty, or shall make out or pass, or attempt to pass, through the custom-house, any false, forged, or fraudulent invoice, every such person, his, her, or their aiders and abettors, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined in any sum not exceeding five thousand dollars, or imprisoned for any term of time not exceeding two years, or both, at the discretion of the court."

There is no statute of the United States in terms providing that a fine imposed may be enforced by imprisonment until it is paid. Section 1042 of the Revised Statutes, however, implies that this may be done. That section is as follows:

"When a poor convict, sentenced by any court of the United States to pay a fine, or fine and costs, whether with or without imprisonment, has been confined in prison thirty days, solely for the non-payment of such fine, or fine and cost, he may make application in writing to any commissioner of the United States court in the district where he is imprisoned, setting forth his inability to pay such fine, or fine and cost, and after notice to the district attorney of the United States, who may appear, offer evidence, and be heard, the commissioner shall proceed to hear and determine the matter; and, if on examination it shall appear to him that such convict is unable to pay such fine, or fine and cost, and that he has not any property exceeding twenty dollars in value, except such as is by law exempt from being taken on execution for debt, the commissioner shall administer to him the following oath: 'I do solemnly swear that I have not any property, real or personal, to the amount of twenty dollars, except such as is by law exempt from being taken on civil precept for debt. by the laws of (state where oath is administered); and that I have no property in any way conveyed or concealed, or in any way disposed of, for my future use or benefit. So help me God.' And thereupon such convict shall be discharged, the commissioner giving to the jailer or keeper of the jail a certificate setting forth the facts."

There is nothing, however, in the foregoing provisions to indicate that any imprisonment to enforce the payment of a fine imposed may be extended beyond the maximum term of imprisonment fixed by congress in punishment of the particular offense denounced, and certainly no authority for imprisonment in a state prison in default of the payment of a fine imposed.

So much of the judgment recited in the commitment under which the petitioner, according to the averments of the petition, is in part held, as directs his imprisonment in the state prison at San Quentin in default of the payment of the fines imposed, is therefore a nullity, and, being void, it is as if it never existed. Ex parte Wadleigh, 82 Cal. 518, 520, 23 Pac. 190; Ex parte Arras, 78 Cal. 304, 20 Pac. 683. The provisions of the judgment recited in the commitment must therefore be treated as successive sentences of two years' imprisonment each, the second commencing upon the expiration of the first sentence of two years, and the third commencing upon the expiration of the second two years' sentence. Al-

though there is no statute of the United States in terms providing for successive sentences, yet as provision is made by statute for the inclusion of more than one offense in the same indictment when there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses (Rev. St. § 1024), it would seem to follow, necessarily, that successive sentences may be lawfully imposed; otherwise, the punishment prescribed by statute for each of such offenses so included in one indictment could not be imposed, although properly prosecuted, and notwithstanding the due and legal conviction of the offender. In support of this view, see In re Packer, 18 Colo. 525, 33 Pac. 578; In re Walsh (Neb.) 55 N. W. 1075; In re Wilson (Utah) 39 Pac. 498; In re Peters, 12 Fed. 461; U. S. v. Patterson, 29 Fed. 778, 779.

Whatever credits for good behavior the petitioner may be entitled to can only be properly taken from the end of the entire term of his imprisonment. That is the law of the state governing the prison where the petitioner is held (Ex parte Dalton, 49 Cal. 463), and is applicable to the petitioner, who is confined in the state prison by permission of the laws of California. By section 5441 of the Revised Statutes it is provided that, in every case where any person convicted of any offense against the United States is sentenced to imprisonment for a period longer than one year, the court by which the sentence is passed may order the same to be executed in any state jail or penitentiary within the district or state where such court is held, the use of which jail or penitentiary is allowed by the legislature of the state for that purpose; and by section 5544 of the same statutes it is provided, among other things, that all United States prisoners confined in the jails or penitentiaries of any state for offenses against the United States shall be entitled to the same rule of credits for good behavior applicable to other prisoners in the same jail or penitentiary.

It results from what has been said, and in view of the allegations of the petition itself, that the petitioner is now legally held under the second sentence of two years' imprisonment, and is not, therefore, entitled to the writ prayed for. Writ denied, and petition dismissed.