No. 15,967.

ATKINSON *v.* THE PEOPLE.
(192 P. [2d] 416)

Decided March 29, 1948.

Mr. MERRITT D. VONDY, for plaintiff in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

*En Banc.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as Atkinson, was convicted of robbery and sentenced to the penitentiary. Contending that his sentence was illegal he moved to vacate and resentence. To review the court's

denial of the relief demanded he prosecutes this writ. The assignments present a single point which can best be clarified by a brief statement of facts. These are either presented by the record or the admissions of counsel and are all undisputed.

In the instant case Atkinson entered a plea of guilty of robbery and March 7, 1942 was sentenced to a term of four to ten years in the penitentiary, "to run consecutively with the sentence imposed by the court in case No. 35571." In the last mentioned cause, an independent and separate action tried before a different judge, he had been convicted of robbery and sentenced to a term of ten to fourteen years in the penitentiary.. February 6, 1947, appearing by different counsel, he filed his motion to vacate and resentence in the instant case for the following reasons: 1. His sentence, in effect, imposes a maximum penalty of twenty-four years for simple robbery, contrary to statute. 2. It fails to provide a maximum and minimum as the statute requires. 3. It is a sentence "contrary to public policy and against the fixed practices of criminal courts.". 4. It is "a sentence to commence at an undeterminate time." 5. It is a sentence "to commence in futuro."

1. Such is not the effect of the sentence. .

2. The contrary appears upon its face.

■ 3. The legislature determines matters of public policy and, as hereinafter appears, it has decided otherwise. The sentence conforms to the practice in Colorado.

■ 4 and 5. Under these it is argued that the date of the commencement of the sentence must be definitely fixed by its terms and cannot be made dependent upon an unascertained event, i. e., the completion of a previous sentence. This (in fact the entire theory of the motion) is definitely answered by a former decision of this court, speaking through Mr. Chief Justice Hayt. *In Re Packer,* 18 Colo. 525, 33 Pac. 578. Every question raised under these two paragraphs is fully covered by that authority and specifically decided against Atkinson.

It seems useless to quote from the opinion. It covers but eight pages and should be read in its entirety by those interested. Such has been the law in Colorado for more than half a century and we are not disposed to re-examine it in the light of decisions of other jurisdictions. A contrary conclusion would simply put a premium on crime because, for reasons pointed out by Judge Hayt, the difficulty of adequately punishing repeated felonies would be so great as to be practically unsurmountable. Hence a culprit who had committed an offense might devote his life to the perpetration of others, safe in the assurance of absolute immunity beyond a single sentence.

The judgment is affirmed.