**SMITH v. HUNTER, Warden.**

**No. 4535.**

United States Court of Appeals
Tenth Circuit.

Dec. 12, 1952.

Malcolm Miller, Wichita, Kan., for appellant.

Ernest J. Rice, Asst. U. S. Atty., Topeka, Kan. (Eugene W. Davis, U. S. Atty., Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

On January 23, 1950, Smith, hereinafter called petitioner, upon a plea of guilty to Count Two of an indictment filed in the United States District Court for the Southern District of Texas in cause No. 6024, was sentenced to the custody of the Attorney General for imprisonment for a period of 40 months.

The sentence provides that it shall "run concurrently with the sentence in Criminal Case 8312 at the Laredo Division of this Court which was this day put in force as to the fine of Five Hundred ($500) Dollars."

On the same day the court in another proceeding, Criminal Case No. 8312, found that the petitioner had violated the conditions of an order suspending the imposition of sentence and imposed the following sentence:

"It is the sentence of the Court that the Defendant pay to the United States of America a fine of Five Hundred ($500) Dollars for fraudulently and knowingly concealing narcotic drug, Vio. Sec. 174, Tit. 21, U.S.C.A. as charged in Count Two of the Indictment and that the United States of America do have and recover of and from the said Raymond O. Smith said sum of Five Hundred ($500) Dollars for which execution may issue. Further that the said Raymond O. Smith is committed until such fine is paid. This sentence to run concurrent with the sentence imposed on said Defendant Smith on this date in Criminal No. 6024, United States of America vs. Raymond O'dell Smith at the Galveston Division of this Court."

In his petition for the writ the petitioner set up that the two sentences were to run concurrently; that he had served his 40 month sentence; that he was entitled to be discharged; and that the respondent refused to discharge him.

The trial court held that unless petitioner paid the fine he was not entitled to discharge until he had served the maximum sentence which could be imposed in Criminal Case No. 8312, or until he served 30 days in addition to the 40 months and had filed the affidavit provided for by 18 U.S.C.A. § 3569.[1]

1. 18 U.S.C.A. § 3569 provides:

"(a) When a poor convict, sentenced for violation of any law of the United States by any court established by enactment of Congress, to be imprisoned and pay a fine, or fine and costs, or to pay a fine, or fine and costs, has been confined in prison thirty days, solely for the nonpayment of such fine, or fine and costs, such convict may make application in writing to the nearest United States commissioner in the district where he is imprisoned setting forth his inability to pay such fine, or fine and costs, and after notice to the district attorney of the United States, who may appear, offer evidence, and be heard, the commissioner shall proceed to hear and determine the matter.

"If on examination it shall appear to him that such convict is unable to pay such fine, or fine and costs, and that he has not any property exceeding $20 in value, except such as is by law exempt from being taken on execution for debt, the commissioner shall administer to him the following oath: 'I do solemnly swear that I have not any property, real or personal, exceeding $20, except such as is by law exempt from being taken on civil process for debt; and that I have no property in any way conveyed or concealed, or in any way disposed of, for my future use or benefit. So help me God.' Upon taking such oath such convict shall be discharged; and the commissioner shall file with the institution in which the convict is confined, a certificate setting forth the facts. In case the convict is found by the commissioner to possess property valued at an amount in excess of said exemption, nevertheless, if the Attorney General finds that the retention by such convict of all of such property is reasonably necessary for his support or that of his family, such convict shall be released without further imprisonment solely for the nonpayment of such fine, or fine and costs; or if he finds that the retention by such convict of any part of such property is reasonably necessary for his support or that of his family, such convict shall be released without further imprisonment solely for

The maximum term of imprisonment which could have been imposed upon petitioner for the offense of which he was convicted in No. 8312 was 10 years. 21 U.S.C.A. § 174.

In No. 8312 petitioner was committed until the fine imposed had been paid. Had there been no provision in the sentence in No. 8312 that it should run concurrently with the sentence imposed in No. 6024, there could be no doubt that petitioner, unless he either paid the fine or filed the affidavit provided for in § 3569, supra, was subject to imprisonment for nonpayment of the fine for such maximum period of 10 years.[2] What, then, was the effect of the provision in the sentence in No. 8312 that it should run concurrently with a sentence imposed in No. 6024? Obviously, a sentence of a fine could not run concurrently with a sentence of imprisonment. The only part of the sentence in No. 8312 which could run concurrently with the sentence in No. 6024 was the imprisonment under the former for nonpayment of the fine. We are of the opinion that the effect of the concurrent provision in the sentence in No. 8312 was to make the sentence of imprisonment for nonpayment of the fine commence at the time the imprisonment under the sentence in No. 6024 began, and not at the time such imprisonment terminated. Accordingly, the

maximum term of imprisonment for nonpayment of the fine commenced on January 23, 1950, when petitioner commenced the service of the imprisonment sentence imposed in No. 6024.

Since petitioner has not served the maximum term of 10 years from January 23, 1950, and has neither paid the fine nor filed the affidavit provided for in § 3569, supra, he is not now entitled to discharge.

It was settled in McNally v. Hill, 293 U.S. 131, 136–138,[3] 55 S.Ct. 24, 26, 79 L.Ed. 238, that the only inquiry which may be made in a habeas corpus proceeding is the legality of the detention; that the only relief authorized is discharge or admission to bail if the detention be found to be unlawful, and that the writ may not be employed as a means of obtaining the judicial decision of any question which, even if determined in the prisoner's favor, will not result in his immediate release.

Hence, we do not now determine whether petitioner will be entitled to discharge upon the filing of the affidavit provided for in § 3569, supra.

The order discharging the writ is affirmed and the cause is remanded with instructions to vacate the order enlarging the petitioner on bond and to remand him to the custody of the warden.

nonpayment of such fine or fine and costs upon payment on account of his fine and costs, of that portion of his property in excess of the amount found to be reasonably necessary for his support or that of his family.

"(b) Any such indigent prisoner in a Federal institution may, in the first instance, make his application to the warden of such institution, who shall have all the powers of a United States Commissioner in such matters, and upon proper showing in support of the application shall administer the oath required by subsection (a) of this section, discharge the prisoner, and file his certificate to that effect in the records of the institution.

"Any such indigent prisoner, to whom the warden shall fail or refuse to administer the oath may apply to the nearest Commissioner for the relief authorized by this section and the Commissioner

shall proceed de novo to hear and determine the matter."

2. In re Greenwald, C.C., 8th Cir., 77 F. 590.

3. In that case the court said:
"The purpose of the proceeding defined by the statute was to inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful. * * * Diligent search of the English authorities and the digests before 1789 has failed to disclose any case where the writ was sought or used, either before or after conviction, as a means of securing the judicial decision of any question which, even if determined in the prisoner's favor, could not have resulted in his immediate release."