No. 19,004.

JAMES ALBERT GONZALES, ETC. *v.*
PEOPLE OF THE STATE OF COLORADO.
(354 P. [2d] 1020)

Decided August 22, 1960.   Rehearing denied January 23, 1961.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. ROBERT G. PIERCE, Assistant, for
defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the
Court.

IN the trial court plaintiff in error was defendant and
will herein be so referred to, or by name.

On August 26, 1956, defendant was informed against for armed robbery by the district attorney. He was admitted to bail and later fled to California. He was there apprehended by United States authorities and returned to Colorado to answer Federal charges. During the course of proceedings in the state court defendant was represented by two lawyers of his own selection. Later they withdrew from the case. Two other attorneys were appointed by the court for Gonzales, however, the orders for their appointment were later vacated. In May 1958 Ralph M. Clark was appointed as counsel for defendant. The record discloses that Mr. Clark ably and conscientiously defended Gonzales.

In August 1958 defendant entered a plea of guilty in the United States District Court for Colorado and was sentenced to a term of three years imprisonment. Two days after this sentence was imposed the Denver district attorney sought and obtained a writ of habeas corpus ad prosequendum pursuant to which the Federal authorities produced defendant in the Denver district court, and he was placed on trial for the offense of robbery allegedly committed July 28, 1956. The jury returned a verdict finding defendant guilty of robbery, whereupon he was sentenced to a term of ten to fourteen years in the state penitentiary, to be served "upon completion of the sentence imposed in the United States District Court on August 13, 1958."

The motion for new trial was principally based on the contention that the Denver district court was without jurisdiction to try defendant. This identical question was presented by Mr. Clark on behalf of Gonzales in the original proceeding decided by this court in *Gonzales v. Horan*, 138 Colo. 275, 332 P. (2d) 205. It was there held that a person serving a sentence of imprisonment imposed by a Federal court is not thereby rendered immune to prosecution in a state court for an offense committed against the state. That holding disposes of

defendant's contention that the trial court was without jurisdiction.

A careful reading of the record amply justifies the verdict of the jury. Able counsel presented Gonzales' defense, and the learned trial judge fully and properly instructed the jury on the applicable law.

■ While not mentioned in the motion for new trial, defendant now contends that the sentence imposed by the trial court is void because no date is set as to when it shall begin or end. A like contention was made in *Atkinson v. People,* 118 Colo. 41, 192 P. (2d) 416. There the defendant was sentenced to a term of four to ten years "to run consecutively with the sentence imposed by the court in case No. 35,571." In the last mentioned case an independent and separate action tried before a different judge, defendant had been convicted of robbery and sentenced to a term of ten to fourteen years in the penitentiary. The sentence under review in the *Atkinson* case, supra, was upheld on the basis of *In re Packer,* 18 Colo. 525, 33 Pac. 578. There, as here, Packer contended the trial court has no power to impose a sentence to commence in the future. This court said:

"The conclusion that one term of imprisonment may be made to commence when another terminates is not only supported by reason, but we think by the decided weight of authority * * *."

The court goes on to quote from the case of *Kite v. The Commonwealth,* 11 Met. (Mass.) 581, as follows:

" 'The court are all of the opinion that it is no error in a judgment, in a criminal case, to make one term of imprisonment commence when another terminates. It is as certain as the nature of the case will admit; and there is no other mode in which a party may be sentenced on several convictions. Though uncertain at the time, depending upon a possible contingency that the imprisonment on the former sentence will be remitted or shortened, it will be made certain by the event. If the previous sentence is shortened by a reversal of the judg-

ment or a pardon, it then expires; and then, by its terms, the sentence in question takes effect, as if the previous one had expired by lapse of time * * *.' "

The *Atkinson* and *Packer* cases are in point here.

We find no prejudicial error in the record and the judgment is affirmed.

MR. JUSTICE MOORE not participating.