[No. 10,146.]

## EX PARTE DALTON.

DEDUCTION FROM PRISONER'S TERM OF SERVICE.—When a prisoner has been convicted of felony for two offenses, for which he has been sentenced to suffer imprisonment in the State Prison, the term of imprisonment on the second sentence to commence at the expiration of the first, any deduction for good behavior to which the prisoner may be entitled during the first term of imprisonment, under the Act of 1868, must not be taken from the end of such first term, but from the end of the entire term included in both sentences.

IDEM.—The entire period of penal servitude included in both sentences, is but one term within the meaning of said statute, and the number of days deduction to which the prisoner may be entitled for good behavior is to be taken from the end of the entire term.

APPLICATION to be discharged upon *habeas corpus* from imprisonment in the State Prison. The return of the Warden of the State Prison, stated that in the year 1866, Peter Dalton was convicted in the County Court of Sacramento county, of the crime of robbery, upon two separate charges, that by the judgment of the Court, he was sentenced to be punished for the first offense by imprisonment in the State Prison for the term of ten years, beginning January 1, 1866; and for the second offense by a like imprisonment for the term of ten years, beginning January 1, 1876, and that under the Act of March 30, 1868, the prisoner was entitled to a credit of seven hundred and eighteen days, to be deducted from his term of penal servitude on account of his good behavior. The Act referred to (omitting the formal parts), is as follows:

" Section 1. The Board of State Prison Directors are hereby authorized and required to grant to every convict confined in the State Prison of this State, who shall well behave himself, and who shall perform regular labor during good health, either for the State authorities or in the employ of any contractor using convict labor by authority of the State, a credit of five days for each month of such regular work and good behavior during the first two years of his imprisonment. For such work and good behavior an allowance of six days for each month of the third and fourth years; seven days for each month of the fifth and

sixth years; of eight days of each month of the seventh and eighth years; of nine days for each month of the ninth and tenth years; and for ten days of each month after ten years. Such credit to be computed in favor of every such convict as a commutation of sentence, and to be deducted from the entire term of penal servitude to which such convict shall have been sentenced; provided that this rule of commutation shall be so applied that any refusal to labor, breach of the prison rules, or other misconduct, shall work a forfeiture of the credits of time thus earned, or such part of it as the Board of State Prison Directors may determine. The power to declare such forfeiture shall rest in the Board of State Prison Directors alone, or a majority thereof; and time once forfeited shall not be restored, except by a majority of the Board of Directors in such case, and then only when circumstances shall order (render) such restoration urgently necessary.

Section 2. This Act shall apply to all persons now imprisoned in the State Prison, and the commutation herein provided for, shall be computed from April 4, 1864." (Stats. 1867–8, p. 675.)

Section 1,590 of the Penal Code re-enacts the foregoing provisions as to the credits to be allowed a convict, and the manner of deducting them from his term of penal servitude.

*J. H. McKune*, for the Petitioner. The judgment prescribes the time when each term of penal servitude shall begin—the first on January 1, 1866, and the second on January 1, 1876. Each term is a distinct and separate term of penal servitude. The credits to which the prisoner is entitled, having been earned during the first term, should be deducted from that term, and being so deducted, he was entitled to be discharged on the 30th of March, 1874. Hence he is now held without authority, and the writ should be granted.

*Attorney-General Love, contra:* The Penal Code, following the language of the original statute, distinctly enacts that the credits shall be deducted from "the entire term of

Points decided.

penal servitude to which such convict shall have been sentenced." This language clearly indicates the intention of the Legislature to allow the deduction for good behavior only from the whole number of years to which a convict may have been sentenced, whether he has been sentenced upon one conviction or several.

Mr. Chief Justice WALLACE, speaking for the Court, said:

The language of the statute is that the credits allowed for the good behavior of a convict, shall be deducted from "the entire term of penal servitude to which he has been sentenced." The prisoner in this case has been convicted of two offenses, for each of which he has been sentenced to suffer imprisonment in the State Prison for ten years, making twenty years in all as the "entire term" to which he has been sentenced. The Court is of opinion that in such a case "the entire term of penal servitude," within the intent of the statute, is twenty years. Each period of ten years is but a part of the entire term, and the second follows the first without any hiatus. Whatever deduction is to be made for good behavior, is not to be taken from the beginning or the middle, but from the end of the entire term. We think the prisoner must be remanded, and it is so ordered.