EDWARD FISHER, Appellant, v. T. P. HOLLOWELL, Appellee.

**PRISONS: Discharge—Computation of "Good Time."** In computing the "good time" granted to a convict in the penitentiary or men's reformatory, sentences under which the convict is being held, entered at different times by different courts, must be treated as one continuous sentence for the total time of all the sentences. (Sec. 3777, Code of 1924.)

Headnote 1: 32 Cyc. p. 333.

*Appeal from Lee District Court.*—W. S. HAMILTON, Judge.

FEBRUARY 10, 1925.

HABEAS corpus to secure the discharge of petitioner from the state penitentiary. A demurrer to the petition was sustained, and, the petitioner electing to stand upon the ruling, the petition was dismissed. Petitioner appeals.—*Reversed and remanded.*

*Herminghausen & Herminghausen* and *Healy & Breen,* for appellant.

*Ben J. Gibson,* Attorney-general, *Maxwell A. O'Brien,* Assistant Attorney-general, *G. L. Norman,* County Attorney, *R. N. Johnson,* Deputy County Attorney, and *C. C. Martin,* for appellee.

VERMILION, J.—The appellant sued out a writ of habeas corpus in the district court. The defendant and appellee is

the warden of the state penitentiary. The petition alleged that the petitioner had been sentenced by the district court of Shelby County to imprisonment in the state reformatory for an indeterminate period not exceeding five years, for the crime of grand larceny; that he was imprisoned under that sentence from November 13, 1915, till December 5, 1916, at which time he escaped; that, after being at large for nearly three years, he was apprehended and returned to the reformatory on August 7, 1919; that thereafter, he was convicted in Jones County of the crime of prison breach or escape, and on February 20, 1920, was sentenced to imprisonment—whether in reformatory or penitentiary does not appear—for an indeterminate period not exceeding five years; that the latter judgment provided: ''This sentence to begin at termination of present sentence now being served.'' It was alleged that, on the date of the last judgment, the petitioner was transferred to the penitentiary by order of the state board of control. It was further alleged that, while serving the sentences both in the reformatory and the penitentiary, the petitioner had earned all the good time provided by law; that, considering the two sentences as one continuous sentence, both sentences expired on March 1, 1924; and that thereafter, he was unlawfully restrained of his liberty by the defendant. A demurrer to the petition was sustained.

The question presented by the demurrer is whether the diminution of sentence allowed the applicant as a prisoner in the penitentiary or reformatory for good conduct is to be computed upon each sentence separately, or as upon one continuous sentence for the total time of both.

Section 5703, Code of 1897 (see Section 3774, Code of 1924), provided in part as follows:

''Each prisoner who shall have no infraction of the rules and regulations of the penitentiaries or laws of the state recorded against him, and who performs in a faithful manner the duties assigned to him, shall be entitled to the diminution of time from his sentence as appears in the following table for the respective years of the sentence * * *.''

From the table incorporated in the statute it appears that the maximum ''good time'' so allowed is one month for the first year of the sentence, and that it increases each year there-

after up to and including the sixth year, and for the sixth and each subsequent year, it is 6 months; and that, if full good time is allowed, a prisoner under a 5-year sentence is required to serve but 3 years and 9 months, and a prisoner under a 10-year sentence is required to serve but 6 years and 3 months. If the petitioner, serving two 5-year nonconcurrent sentences, and entitled to the maximum good time, is to have his good time computed on each sentence separately, he will be required to serve a total of 7 years and 6 months; while, if it is to be computed as upon a continuous sentence of 10 years, he would be entitled to be discharged after serving but 6 years and 3 months.

Section 5705, Code of 1897 (Section 3777, Code of 1924), would seem to afford an answer to the question presented. It is as follows:

"When a convict is committed under several convictions with separate sentences, they shall be construed as one continuous sentence in the granting or forfeiting of good time."

It is the contention of the appellee, however, that this section refers only to commitments on separate sentences imposed by the same court at the same time.

It is to be observed that no such limitation of the scope of the statute is to be found in the statute itself. Its terms are broad enough to cover sentences upon separate convictions by different courts at different times. The precise question has not been before presented to us. Decisions in other jurisdictions are cited by both parties, as bearing upon the proposition.

In California, it was held, under a statute providing that good time should be deducted from the "entire term of penal servitude to which the convict shall be sentenced," that two separate sentences should be considered as one continuous term, for the purpose of commutation. *Ex parte Dalton,* 49 Cal. 463. After a change in the statute, made soon after the decision in the *Dalton* case, providing that deductions for good behavior of a prisoner "shall be allowed from his term," it was held, where the same court imposed two separate and cumulative sentences of imprisonment, that the prisoner was only entitled to credit for good behavior upon each term as it was served, and not upon the terms considered as a continuous period of imprisonment. *Ex parte Clifton,* 145 Cal. 186 (78 Pac. 655). The

decision turned largely upon the evident legislative intent to change the rule announced in the *Dalton* case, and did not involve consideration or construction of a statute such as Section 5705.

In *In re Packer*, 18 Colo. 525 (33 Pac. 578), the court, speaking of a statute very similar to Section 5705, and where several separate sentences of imprisonment, one term to commence after the expiration of another, had been imposed by the same court, said *arguendo*,—for the question was not in the case,—that the prisoner would be entitled for good conduct to an allowance as upon one continuous sentence.

In *Ebeling v. Biddle*, 291 Fed. 567, in construing a Federal statute providing that, "when a prisoner has two or more sentences, the aggregate of his several sentences shall be the basis upon which his deduction [for good conduct] shall be estimated," the court said that, whatever might be the effect of cumulative sentences, the statute fixed the basis of computation as the aggregate term of imprisonment.

None of these cases touch the precise and ultimate question raised here: that Section 5705 should be construed as applying only to sentences imposed by the same court at the same time.

We had before us in *Dickerson v. Perkins*, 182 Iowa 871, a situation somewhat analogous to that now presented, where the same contention was made in respect to another statute. Section 5439, Code of 1897, provided:

"If the defendant is convicted of two or more offenses, the punishment of each of which is or may be imprisonment, the judgment may be so rendered that the imprisonment upon any one shall commence at the expiration of the imprisonment upon any other of the offenses."

In that case, the prisoner had been convicted in different courts, of distinct offenses, and sentenced under both convictions to imprisonment in the penitentiary. In the second case, the judgment did not provide that the imprisonment upon it should commence at the expiration of the imprisonment upon the first conviction. It was contended there, as here, that the statute had reference only to sentences imposed by the same court. It was held that the statute conferred power on the court to so render the judgment that the terms of imprisonment

should not be concurrent; but that, in the absence of such a provision in the second judgment, the clear implication of the statute was that the terms ran concurrently; and that the two sentences imposed on the prisoner in different courts at different times ran concurrently. It is true, the decision was supported by a consideration of the history of the statute involved, and the fact that the court imposing the second sentence must have known of the first,—it appearing that the prisoner was brought from the penitentiary to stand trial on the second charge,— and could, under the statute, have made its sentence of imprisonment commence at the expiration of the first. It was said, however, that:

"A fair construction of the statute requires us to hold it applicable, and that the two sentences imposed upon plaintiff must be deemed to have run concurrently."

It would seem that there were much more cogent reasons for saying that sentences did not run concurrently where they were imposed by different courts, at different times, where the statute, by implication only, provided that they should be concurrent, than can be suggested for saying that Section 5705 applies only to sentences imposed by the same court at the same time. The court imposing the second sentence may have no knowledge of the prior sentence, as where the second crime is committed and the trial held while the defendant is at large on parole, or after an escape from prison. Knowledge of such fact might well have an important influence upon the exercise of discretion in the court to make the second sentence cumulative. Here, no discretion is vested in the court or in the warden. The statute fixes the diminution of sentence that shall be allowed for good behavior, and provides that, where there are several convictions, with separate sentences, they shall, for that purpose, be construed as one continuous sentence. The statute makes no distinction between sentences imposed by the same or different courts, or at the same or different times, and makes no exception; and we cannot read into it such a distinction or an exception in the case of sentences imposed by different courts.

It is urged that the statute (Section 4897-a, Supplement, 1913, Section 13351, Code of 1924) prescribing the punishment for one convicted of escaping from the penitentiary or reforma-

tory, provides that the term of imprisonment imposed therefor shall "commence from and after the expiration of the term of his previous sentence;" and that this excepts such a sentence from the operation of Section 5705. We think it does no more than to deprive the court imposing the sentence for that offense of the discretion vested in it by Section 5439, to impose a cumulative or a concurrent sentence; and that it does not affect the method of computing the diminution of sentence for good behavior.

There is nothing in the case of *Kirkpatrick v. Hollowell*, 197 Iowa 927, inconsistent with the construction of the statute adopted in *Dickerson v. Perkins,* or with the conclusion here reached.

The effect of an escape from prison and a conviction therefor upon good time previously earned is not a question for our consideration. The petition alleged that full good time had been earned, and this the demurrer admitted.

We reach the conclusion that the demurrer should have been overruled.

The cause is—*Reversed and remanded.*

FAVILLE, C. J., and STEVENS and DE GRAFF, JJ., concur.