W. H. JOYNER, Appellant, v. PARK FINDLEY, Appellee.

**CRIMINAL LAW:** Judgment—Final Commitment—Insufficient "Mittimus"—Effect. If there be a valid judgment of imprisonment and the prisoner is really being held thereunder, it matters not, in habeas corpus, that the formal "mittimus" is wholly defective.

**INTOXICATING LIQUORS:** Contempt—Commitment. The commitment of an offender for the violation of an intoxicating liquor injunction is not governed by Sec. 12549, Code of 1924, but by Sec. 13971.

**CRIMINAL LAW:** Judgment—Imprisonment at Hard Labor. Whether a party may be held at hard labor must necessarily be determined by the judgment entry.

Headnote 1:   29 C. J. p. 68.   Headnote 2:   33 C. J. p. 704 (Anno.) Headnote 3:   16 C. J. p. 1327.

*Appeal from Des Moines Municipal Court.*—HERMAN F. ZEUCH, Judge.

MARCH 17, 1925.

APPLICATION for writ of habeas corpus. From the refusal of the court to discharge the plaintiff, plaintiff appeals.—*Affirmed.*

*Theodore Mantz,* for appellant.

*Vernon R. Seeburger,* County Attorney, *Russell Jordan* and *Loy Ladd,* Assistant County Attorneys, for appellee.

ALBERT, J.—On the 29th day of September, 1924, appellant, W. H. Joyner, filed a petition in the municipal court of the city of Des Moines, Iowa, alleging that he was illegally detained by the defendant, and asked that a writ of habeas corpus be granted, and that appellant be discharged from the illegal restraint. The writ was issued, and the appellee, in due time, answered, in which answer he pleaded, in substance, that he was holding the defendant under a mittimus issued by the clerk of the district court of Iowa, in and for Polk County. The mittimus reads as follows:

1. CRIMINAL LAW: judgment: final commitment: insufficient "mittimus:" effect.

"Mittimus.

"State of Iowa, Polk County, ss:

"To the Sheriff of Polk County, Iowa:

"You are directed to receive and retain in the county jail W. H. Joyner, who was by the judgment of the district court of Polk County, Iowa, rendered on the 10th day of October, 1923, sentenced to the county jail for the period of six months.

"W. D. Baldwin, Clerk,
"Witness:                    R. E. Marts, Deputy."

He further answers by setting up a judgment entry in the Polk County district court, in a case entitled State of Iowa, ex rel. Vernon Seeburger, plaintiff, v. W. H. Joyner, defendant.

To this answer, reply is made by plaintiff, denying any authority on the part of the clerk to issue the mittimus; denying that it is a true and exact copy of the mittimus, saying that it is void, and does not justify restraint of the plaintiff, but admitting the copy of the judgment entry of the district court of Iowa last above referred to, which is set out in *haec verba* in defendant's answer, a true copy of the decree.

The matter was tried, resulting as above indicated.

The appellant insists that the paper designated as a mittimus is void because it does not comply with Section 4467 of the Code of 1897 (Section 12549, Code of 1924), which reads as follows:

"When the offender is committed, the warrant must state the particular facts and circumstances on which the court acted in the premises, and whether the same was in the knowledge of the court or was proved by witnesses."

None of the facts and circumstances required by said section are set out, and there is no statement whether the same was in the knowledge of the court or proved by witnesses.

Appellant misapprehends the nature of this proceeding. This proceeding was not brought under, and is not controlled by, Chapter 536 of the Code of 1924, but is a special proceeding, marked out and provided for in the intoxicating liquor law, which is Section 2407, Supplemental Supplement, 1915. The general contempt statutes have nothing whatever to do with this proceeding; and the kind of commitment or order or execution to be delivered to the sheriff is governed by Section 5443 of the Code of 1897 (Section 13971 of the Code of 1924), which reads as follows:

2. INTOXICATING LIQUORS: contempt: commitment.

"When a judgment of imprisonment, either in the penitentiary or county jail, is pronounced, an execution, consisting of a certified copy of the entry thereof in the record book, must be forthwith furnished to the officer whose duty it is to execute the same, who shall proceed and execute it accordingly, and no other warrant or authority is necessary to justify or require its execution."

It is to be noted that the mittimus with which the sheriff justifies herein, wholly fails to comply with this section of the Code. It is alleged by the appellee, however, and admitted by the appellant, that there is a due and legal judgment entered in the district court of Polk County, Iowa, ordering the defendant confined to the Polk County jail for the term of six months. It must be admitted that this paper designated as a mittimus, appears to be defective and wholly irregular, in view of this statute. The material part of the judgment entry, however, is the recitation that:

· "This court therefore orders that said defendant be and it is hereby ordered that the defendant be committed to the Polk County jail at Des Moines, Iowa, for a period of six months."

A comparison of this part of the judgment entry with the mittimus shows substantially the same statement in both.

The real question the lower court had to decide was the question of whether or not the appellant was unlawfully restrained of his liberty. The paper known as a mittimus, or the execution provided for under said Section 13971, is merely the evidence that the officer had in his hands of the existence of a judgment supporting said mittimus; and when he is asked to respond to the question of why he restrains this man of his liberty, he says:

"I am restraining him by virtue of a judgment in the district court of Polk County, Iowa, entered on the 10th day of October, 1923, evidenced by this mittimus." ·

The appellant admits the existence of that judgment; and the question is, therefore, narrowed to whether or not the appellee satisfied the court of his legal right to deprive the appellant of his liberty. That a judgment existed, ordering that he be deprived of his liberty for the term of six months, is conceded by the appellant.

In 16 Corpus Juris 365, the authorities are gathered, supporting the following proposition:

"A defect in the commitment is no ground for the discharge of the accused, as long as there is a valid judgment of conviction behind it."

*In re Thayer,* 69 Vt. 314 (37 Atl. 1042) ; *People ex rel. Trainor v. Baker,* 89 N. Y. 460; *Kelley v. Thomas,* 15 Gray (Mass.) 192; *Tanner v. Wiggins,* 54 Fla. 203; 12 Ruling Case Law 1210, Section 28; 29 Corpus Juris 68.

At common law, where there was a valid and binding judgment order for commitment, and the proper officer executed such order, a warrant of commitment was unnecessary. 16 Corpus Juris 1327.

The drift of modern authority is toward the common-law rule. In *State v. Hatfield,* 66 Wash. 9 (118 Pac. 893), the Supreme Court of Washington had this question under discussion in a case in which the defendant was charged with having es-

caped from prison; and it was claimed that the indictment did not charge that he was held under a valid commitment; and no evidence was introduced in the case showing that he was so held. The Washington statute as to commitments or executions in criminal cases is practically identical with the statute of this state. That court, in discussion of the question, says:

"It has been generally held that a defendant imprisoned, in the custody of a proper officer, upon a conviction by a court of general jurisdiction, will not be released upon habeas corpus merely because of a defective commitment in the hands of such officer, when the judgment of conviction authorizes such imprisonment. This view is rested upon the theory that, when a valid judgment of imprisonment is rendered against a defendant, that judgment becomes the real authority for such imprisonment, and the commitment, which under our law is merely a certified copy of the judgment, is only evidence of such authority. * * * The officer is no doubt entitled to a proper commitment in his possession, for his own protection; but, if he acts within the authority and duty imposed upon him by the judgment, he will not be held to have acted unlawfully simply because of the failure to have the evidence of his authority in his possession in some particular form, especially when the officer having the custody of the defendant is the executive officer of the court rendering the judgment. * * * The situation here is quite unlike a judgment requiring an execution for its enforcement, or a mere charge of crime, requiring a warrant authorizing the arrest of the accused, before he can be arrested and detained. This judgment by its very terms directs what shall be done with the defendant. It is, in effect, self-executing, so far as the executive officer's authority thereunder is concerned. * * * It seems to us that the lawfulness of appellant's imprisonment may be determined by the answer to the question, Could he, at the time of his alleged attempted escape, have secured his release by habeas corpus? If not, of course, his imprisonment by the sheriff was then lawful. We think that the existence of the judgment, evidenced to the court upon such habeas corpus hearing in any proper manner, would have prevented appellant's release, because thereby the imprisonment would be shown to be lawful."

See further the authorities cited in the last named case.

In the case of *Jackson v. Boyd*, 53 Iowa 536, this court, in a habeas corpus case, had before it the question of the sufficiency of the commitment, against which two complaints were lodged: First, that the commitment did not run in the name of the "state of Iowa;" second, that it did not show that the plaintiff was convicted of any crime under the law. We said:

"It will be seen that neither of these objections attack the validity of the judgments, but only assail the sufficiency of the warrants of commitment."

If it be conceded that the above-mentioned defects in a warrant were sufficient to entitle the plaintiff to be discharged, this should not have been done; but he should have been remanded into custody, and appropriate order made in relation thereto.

We are quite satisfied, from the authorities cited, that, where there is a valid and binding judgment against the defendant, and he is committed to the county jail in pursuance to said judgment, he cannot secure his release by habeas corpus; because he is then being held, not by reason of the execution or commitment, but by reason of the judgment of the court. The ruling of the district court was right in relation to this phase of the matter.

It appears that the mittimus which appellee produced in court had, or at one time had, written on the back thereof the words "at hard labor;" and about this the defendant complains.

3. CRIMINAL LAW: judgment: imprisonment at hard labor. As heretofore suggested, this mittimus or execution was not necessary for his restraint; and the question of just how he was to be treated under confinement is referable wholly to the judgment entry. This did not provide that the defendant was to be confined at hard labor; neither did the mittimus so recite. The judgment entry was the sheriff's authority in this matter; and, it not providing that the defendant was to be confined at hard labor, of course the sheriff did not have any authority to require the defendant to perform hard labor during his confinement.

The ruling of the municipal court was justified, under the record it had before it, and the case is affirmed.—*Affirmed.*

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.