■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROGER WINELANDER, Appellant, against WILFRED L. DENNO, as Warden of Sing Sing Prison, Respondent.— Appeal, as limited by appellant's brief, from so much of an order as dismissed on reargument a writ of habeas corpus and remanded appellant to custody. Order insofar as appealed from unanimously affirmed, without costs. After appellant had been sentenced in the United States District Court,

Eastern District of New York, to serve two and one-half years, he pleaded guilty in the County Court, Queens County, and was sentenced therein to serve from one year and three months to two years and six months. Appellant was then turned over to the Federal authorities, served his Federal court sentence in a Federal penitentiary and was then turned over to the State authorities to serve his County Court sentence. Although the offenses against the State and against the United States may have involved the same basic facts, the prosecutions and sentences by two different sovereignties or jurisdictions were not improper (*Bartkus* v. *Illinois*, 359 U. S. 121; see, e.g., *Ponzi* v. *Fessenden*, 258 U. S. 254). When the County Court sentence was imposed, there was no specific declaration by the court as to whether it would run consecutively or concurrently with the Federal court sentence. Appellant claims that his State and Federal sentences ran concurrently and that therefore his term has expired and he should be released. The discretionary power of a court to impose a cumulative sentence in cases not covered by the mandatory provisions of section 2190 of the Penal Law remains undiminished, as it was at common law in New York (*People* v. *Ingber*, 248 N. Y. 302). The common-law presumption that two sentences, imposed by one court or by different courts of the same jurisdiction or sovereignty, are concurrent, in the absence of a direction to the contrary by the second sentencing judge (*People* v. *Ingber, supra*; *People ex rel. De Santis* v. *Warden of New York City Penitentiary*, 176 Misc. 844, affd. 262 App. Div. 1003; *People ex rel. Gerbino* v. *Ashworth*, 267 App. Div. 579, 581; *Zerbst* v. *Lyman*, 255 F. 609), is not applicable when the sentences are imposed under the laws and by the courts of separate sovereignties, such as the State of New York and the United States, and when the two places of confinement are entirely different (*Matter of Sichofsky*, 201 Cal. 360; *People ex rel. Hesley* v. *Ragen*, 396 Ill. 554; *Strewl* v. *McGrath*, 191 F. 2d 347). The provisions of section 2190 of the Penal Law and the common-law presumption mentioned above have reference, and are applicable, only to those offenses recognized and punishable as crimes by the State of New York (*Matter of Sichofsky, supra*). Furthermore, from the minutes of the proceeding at the time appellant was sentenced in the County Court, the fair and reasonable inference is that neither the County Court Judge nor appellant's counsel was then of opinion that the intent of the Judge was that the sentence would be concurrent with the one previously imposed in the Federal court. Present — Wenzel, Acting P. J., Beldock, Hallinan and Kleinfeld, JJ.; Murphy, J., deceased.