Richard W. HOBSON, Appellant,

v.

Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.

No. 7657.

United States Court of Appeals Tenth Circuit.

June 9, 1964.

Phil S. Hurst, Norman, Okla., for appellant.

Richard H. Seaton, Asst. Atty. Gen. of Kansas (William M. Ferguson, Atty. Gen. of Kansas, on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

By this application to the District Court for writ of habeas corpus, petitioner seeks to annul a state imposed sentence on the grounds that having been forcibly brought into the state for trial, his conviction violated due process of the Fourteenth Amendment.

This application was filed after similar application had been denied by the Kansas sentencing court, and appeal had failed otherwise than on its merits. The State suggests that other corrective process is available in the form of an original application to the Kansas Supreme Court; that petitioner has not, therefore, exhausted presently available state remedies; and, that he consequently has no standing in the Federal court.

The trial Court discharged the writ on the ground that petitioner had not exhausted his state remedies required by 28 U.S.C. § 2254; and on the further substantive ground that unlawful extradition from the State of North Carolina into the State of Kansas was not such a denial of due process as to deprive the sentencing court of jurisdiction to accept a plea of guilty, citing Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541.

It may be that petitioner has further state remedies which he may be required to exhaust before coming to the Federal court, but we prefer to place affirmance on the firmly established rule of Frisbie v. Collins, ibid, to the effect that " * * * the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction' * * * ;" and, that " * * * due process of law is satisfied when one present in court is convicted of crime after having been fairly apprised of the charges against him and after a fair trial in accordance with constitutional procedural safeguards."

While conceding the Frisbie rule, appointed counsel ingeniously argues that it has been impliedly overruled by Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, according to which all such "shortcut methods in law enforcement" are forbidden; and that under the expanded concept of due process and the availability of habeas corpus to vouchsafe it under the Fourteenth Amendment, we should overrule Frisbie v. Collins and grant the writ. We can find

nothing in Mapp v. Ohio, ibid, or Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, which impels or even encourages us to take the bold step suggested by counsel.

The judgment is affirmed.