J. Seward Bodine, J.
This is a claim for unlawful imprisonment. The claim has not been assigned or submitted to any other jurisdiction for determination. The claim is based upon *471 the illegal incarceration of the claimant by the State for approximately 360 days.
In April of 1955 claimant was arrested for violation of section 1293-d of the Penal Law and released on bail. On August 17, 1955 the indictment for that charge and others was filed in Queens County. He entered a plea of guilty and was convicted on February 6,1956 and released on bail pending sentencing. On March 25, 1956 he was arrested in New York County on an extortion charge and committed to city prison pursuant to a commitment signed March 26, 1956 by the Presiding Magistrate. On that same day a Queens County Court warrant for the first charge was also lodged at city prison.
On April 10, 1956 he was sentenced in Queens County Court on the first charge for a term of not less than four years nor more than five years. He was returned to city prison April 12, 1956 under a State prison commitment. The indictment for the second charge was filed April 19, 1956 and he was arraigned April 23, 1956 and committed to city prison. He was sentenced March 5, 1957 to a definite term of one year, committed to city prison and credited with 344 days of jail time which would relate back to March 25, 1956 when he was arrested. He was released March 20, 1957 after having served 360 days for the second charge or sentence. On March 22, 1957 claimant was received at Sing- Sing Prison and the time for the first sentence began to run.
The controversy centers around the time between April 10, 1956 when he was sentenced for the first charge and March 22, 1957 when he was received at Sing Sing. This time period comprised 344 days. There is another period between March 26, 1956 when the Queens County Court warrant was lodged at city prison and April 10, 1956 when he was sentenced. The second period of 16 days involved jail time.
The State maintains that the claimant was imprisoned on two consecutive sentences and served no more time than he had been sentenced to.
According to section 2190 of the Penal Law and Matter of Browne v. Board of Parole (10 N Y 2d 116), two sentences imposed in different jurisdictions for unrelated crimes cannot be presumed to run concurrently unless specified by one of the sentencing courts. No mention was made by either Judge so the two sentences must be deemed to run consecutively.
When claimant was returned to prison in New York County on April 12,1956 after being sentenced in Queens County Court, his imprisonment was pursuant to a State prison commitment. True he was also being held pending disposition of the second *472 charge, but he was also being held by the State. His sentence could not begin to run until he was actually delivered to the Warden of a State prison (Correction Law, § 231). According to section 488 of the Code of Criminal Procedure, after having been sentenced the defendant must be delivered to the proper officer in execution of the judgment of the court. The State managed to comply with this provision after 344 days.
These time periods between sentencing and delivery to the Warden of a State prison are commonly called “transportation time ’ ’ and there is precedent for requiring the State to credit the time against the defendant’s sentence (People ex rel. Manekos v. Nobel, 26 Misc 2d 460; Bretti v. Eastman, 219 N. Y. S. 2d 73).
Concerning these time periods, Justice Chimera stated in People ex rel. Manekos v. Nobel (supra, p. 461):
“ Call it what you will — jail time, penitentiary time, transportation time — the fact remains that it is time served by a prisoner after sentence and the restraint is imposed because of the sentence and for no other reason.
“ Whatever may be the shortcomings of the legislative process, I doubt that the Legislature ever intended to grant the Department of Correction the extra-judicial authority to extend a definite sentence so clearly enunciated and carefully considered by the sentencing judge, by the simple expedient of delaying his transfer from one institution to another.”
In this case claimant could be considered to have been lawfully imprisoned on the second charge during the 344 days, but as to the first conviction he was being imprisoned, deprived of his liberty, and not actually serving his sentence. The State should not be permitted to deprive a man of his freedom in this manner.
It is my opinion that claimant was unjustly imprisoned during this 344-day period. He was not held by the State of New York, but the State permitted one of its subdivisions to detain him. This detention by the subdivision was legal for the subdivision but not for the State. Since the State permitted the unlawful imprisonment it must respond in damages.
The second period of 16 days must also be considered. This period runs from March 26, 1956 when the Queens County Court warrant was lodged at the city prison where the claimant was being held after his arrest on the second charge to April 10, 1956 when claimant was sentenced. Claimant was actually being held during this time for two reasons and by two jurisdictions. Section 2193 of the Penal Law provides: “Any time spent by a person convicted of a crime in a prison or jail prior *473 to his conviction and before sentence has been pronounced upon him, shall become and be calculated as a part of the term of the sentence imposed upon him.” With this section in mind, claimant cannot receive credit for this 16 days as jail time because it was after conviction.
For this 344 days of unlawful imprisonment, claimant is awarded the sum of $5,000 for his loss of earnings and the sum of $10,000 for his mental anguish, making a total award of $15,000.