Submitted on record and briefs January 5, affirmed April 24, petition for rehearing denied May 14, 1968

STATE OF OREGON, *Respondent, v.*
WALTER FOX, *Appellant.*

439 P. 2d 1009

Gary D. Babcock, Deputy Public Defender, and Lawrence A. Aschenbrenner, Public Defender, Salem, and Walter Fox pro se, for appellant.

Thomas J. Owens, District Attorney, Medford, for respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

McALLISTER, J.

The defendant, Walter Fox, was convicted in Jackson county of uttering and publishing a forged check, was sentenced to the penitentiary for six years, and appealed. The attorney who had represented defendant in the trial court was appointed to handle his appeal; later that attorney was permitted to withdraw upon his showing that he could find no merit in the appeal. The court below then appointed the Public Defender, who in turn was allowed to withdraw upon his showing that he could find no meritorious ground for the appeal. Fox then filed a brief *pro se*. We affirmed. *State v. Fox,* 245 Or 440, 421 P2d 977 (1967).

Because Fox was not represented by counsel on appeal, the Supreme Court of the United States, 388 US 466, 87 S Ct 2129, 18 LEd2d 1324 (1967), vacated the judgment and remanded the case to this court for further consideration in light of *Anders v. California,* 386 US 738, 87 S Ct 1396, 18 LEd2d 493 (1967). Thereafter the Public Defender was again appointed to represent the defendant, new briefs were filed, and the appeal was heard anew.

In the original appeal defendant challenged his conviction only on the ground that he had been extradited illegally from Maryland. We held that any alleged infirmity in the extradition proceedings should have been challenged in the asylum state. We further held that the jurisdiction of the trial court to indict and convict defendant was not impaired by any defect in the proceedings by which he was brought into Oregon for trial.

On this appeal defendant again challenges only the legality of the extradition proceedings in Maryland. Defendant contends: (a) that he had a right to the

aid of counsel at all stages of the extradition proceedings in Maryland, that he was unable to employ counsel, and, although oft demanded, counsel was not appointed for him; and (b) that his extradition on the application of the district attorney pursuant to ORS 147.230, without prior indictment in Oregon, violates Art. VII, § 5, of the Oregon Constitution.[①]

We adhere to our former opinion that the jurisdiction of the trial court was not impaired by any defect in the proceedings by which defendant was brought into Oregon for trial. *Knowles v. Gladden,* 227 Or 408, 413, 362 P2d 763 (1961), cert. den. 368 US 999, 82 S Ct 627, 7 LEd2d 537; *Anderson ex rel Poe v. Gladden,* 205 Or 538, 546, 288 P2d 823 (1955), cert. den. 350 US 974, 76 S Ct 451, 100 LEd 845; *Macomber v. Alexander,* 197 Or 685, 702, 255 P2d 164 (1953); *State v. Owen,* 119 Or 15, 24-28, 244 P 516 (1926); *State v. Bost,* 2 Ariz App 431, 409 P2d 590 (1966); *Frisbie v. Collins,* 342 US 519, 72 S Ct 509, 96 LEd 541, reh. den. 343 US 937, 72 S Ct 768, 96 LEd 1344 (1952); 4 Anderson, Wharton's Criminal Law and Procedure § 1484 (1957). In *Frisbie v. Collins,* supra, 96 LEd at 545-546, the Supreme Court said:

"This Court has never departed from the rule announced in Ker v. Illinois, 119 US 436, 444, 30 L ed 421, 7 S Ct 225, that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.' No persuasive reasons are now presented to justify over-

---

[①] Art. VII, § 5. "* * * No person shall be charged in any circuit court with the commission of any crime or misdemeanor defined or made punishable by any of the laws of this state, except upon indictment found by a grand jury, * * *."

A similar contention was rejected by this court in Fisco v. Clark, 243 Or 466, 469, 414 P2d 331 (1966).

ruling this line of cases. They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedure safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will." [Footnote omitted]

Affirmed.