**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Sandra Lee SHERWOOD and Dana S. Sherwood, Defendants-Appellants.**

**Nos. 238–70, 239–70.**

United States Court of Appeals, Tenth Circuit.

Dec. 31, 1970.

Lawrence M. Henry, Denver, Colo., for appellants.

Gordon L. Allott, Jr., Asst. U. S. Atty., (James L. Treece, U. S. Atty., Denver, Colo., was with him on the brief) for appellee.

Before LEWIS, Chief Judge, and JOHNSEN* and HOLLOWAY, Circuit Judges.

LEWIS, Chief Judge.

Defendants, together with three other persons, were jointly indicted and charged in two counts with the unlawful sale of and conspiracy to sell LSD in substantive violation of 21 U.S.C. § 331(q) (2). The charge of conspiracy was subsequently dismissed; all defendants except the Sherwoods pleaded guilty to the substantive count and received

* Of the Eighth Circuit, sitting by designation.

varying sentences; the Sherwoods were convicted after trial to a jury and now appeal from the judgments and sentences urging the existence of several prejudicial trial errors and a "lack of fair play" to them through the sentencing procedures accorded their co-defendants.

Two of the co-defendants, Fowler and Clevenger, testified at trial against the Sherwoods and in so doing recanted earlier statements that the Sherwoods were not involved in the sale of the contraband drug. At time of trial both Fowler and Clevenger had entered guilty pleas some eleven weeks earlier but were not yet sentenced. The Sherwoods contend the trial court abused its discretion in not granting a trial continuance until after the witnesses were sentenced.[1]

 Rule 32(a) (1), Rules of Criminal Procedure, provides that sentence must be imposed "without unreasonable delay" and extreme delay may cause a deprivation of the right to speedy trial. *See* Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393. However, these rights are those peculiar to the person subjected to the process and are not the rights of third persons. In the case at bar the judicial procedural status of the witnesses Fowler and Clevenger could well premise an argument as to their credibility but, absent circumstances not here claimed, can rise to no higher significance. Indeed, delay of sentencing to permit a convicted defendant to later testify has been held not to be impermissible, even when the defendant was the complaining party. Welsh v. United States, 6 Cir., 348 F.2d 885.

Next the appellant defendants complain of the comments and instructions of the trial court to the effect that a variation of the proof from the allegation contained in the indictment concerning the quantity and quality of the involved drug was "no defense" and that defense counsel's argument concerning

the failure of the government to call a subpoenaed witness was "without merit" because such witness was equally available to the defense. The quoted phrases when considered in isolation are indeed blunt but the totality of the court's instructions and comments is both legally accurate and well contained within judicial discretion.

Finally, appellant defendants assert that the evidence does not support their convictions, a claim completely negatived by the record, and that their arrests were illegal. Assuming *arguendo* this to be true, it alone would not vitiate the jurisdiction acquired by the district court. Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541; *see also* Hobson v. Crouse, 10 Cir., 332 F.2d 561.

Affirmed.

---

1. The sentencing judge was not the trial judge.