**Richard HERMAN, Appellant,**

v.

**Lou V. BREWER, Warden, and State of Iowa, Appellees.**

**No. 54893.**

Supreme Court of Iowa.

Jan. 14, 1972.

Spayde & Reilly, Oskaloosa, for appellant.

Richard C. Turner, Atty. Gen., and Allen J. Lukehart, Asst. Atty. Gen., for appellees.

LEGRAND, Justice..

This matter reaches us on appeal from a hearing under the Uniform Postconviction Procedure Act, chapter 1276, Acts of the Second Regular Session, Sixty-third General Assembly, now chapter 663A, The Code, 1971.

We relate briefly some background facts. On December 13, 1966, an information was filed in Mahaska County charging petitioner with the crime of assault with intent to commit rape. (Section 698.4, The Code.) He was released on bond awaiting trial. Before trial, petitioner was arrested, tried, and convicted in Kansas on a charge of second degree burglary. He was sentenced to a term of five-to-ten years in the Kansas Penitentiary. While serving that term, he was brought back to Iowa to answer to the criminal charge pending against him here.

On April 6, 1967, he entered a plea of not guilty. Several days later, however, he plead guilty to assault with intent to commit a felony under section 694.5, The Code. Petitioner acknowledges his plea was voluntarily made. The plea was offered and accepted—after discussion between the court and counsel—as one to an included offense under the information then pending, which alleged violation of section 698.4, The Code.

Petitioner was sentenced to a term of not more than five years in the penitentiary at Fort Madison under the provisions of section 694.5 of The Code. Following sentence, he was returned to Kansas to complete his sentence there. The Iowa sentence did not specify whether it should run concurrently with or consecutively to the Kansas term. We discuss this in detail later.

On March 10, 1970, petitioner was paroled by the parole board of Kansas. He was immediately returned under a written waiver of extradition to begin his term at Fort Madison. One of the errors assigned deals with the waiver signed by him and the circumstances under which he was returned to this state. This, too, is discussed later in this opinion. .

Shortly after he entered the penitentiary at Fort Madison, petitioner filed a petition for habeas corpus in the district court of Lee County, which after full hearing was dismissed. No appeal was taken from that ruling. He then filed a motion to vacate the judgment of the Mahaska District Court, which the trial court properly considered as a petition for postconviction relief. Following a hearing, the trial court ruled against him. It is from this final judgment that petitioner appeals.

This appeal is on assigned errors and petitioner raises three issues: (1) that the sentence imposed by the Mahaska District Court for assault with intent to commit a felony has been fully served because it ran concurrently with his sentence in the state of Kansas; (2) that the sentence imposed by Mahaska County was void and illegal because he pleaded guilty to a crime with which he was not charged since assault with intent to commit a felony is not an included offense under section 698.4, The Code, of the crime of assault with intent to commit rape; and (3) that he was illegally transferred from the state of Kansas to Fort Madison, Iowa, upon a defective and erroneous· mittimus and contrary to the terms of the waiver of extradition signed by him.

I. We should mention petitioner's first assignment of error—that his Iowa sentence ran concurrently with his term in the

Kansas penitentiary—was fully considered in the habeas corpus action and decided adverse to him there. Ordinarily this would foreclose petitioner from raising it again here. Section 663A.8, The Code, 1971, State v. Wetzel, Iowa, 192 N.W.2d 762, filed December 15, 1971.

■ However, section 663A.8, The Code, permits reconsideration of a once-determined ground for relief upon a finding it was previously "inadequately raised." While no such finding was made here, the record discloses petitioner was not represented by counsel at the habeas corpus hearing. Since the trial court treated this issue as properly before it for determination—with the apparent consent of the State—we can only conclude the matter was decided under the discretionary provision of section 663A.8 already referred to. We therefore dispose of petitioner's first assignment on the merits.

The argument that petitioner's two sentences for different crimes committed respectively in Iowa and Kansas run concurrently rests upon the following provisions of section 789.12, The Code:

"If the defendant is convicted of two or more offenses, the punishment of each of which is or may be imprisonment, the judgment may be so rendered that the imprisonment upon any one shall commence at the expiration of the imprisonment upon any other of the offenses."

Petitioner insists his two sentences are concurrent in the absence of direct order to the contrary by the sentencing judge. Even if we were to accept this interpretation of our statute, we point out it does not follow he was entitled to release upon his parole by the Kansas authorities. He was sentenced here on March 14, 1967. He was paroled by Kansas on March 10, 1970. If given credit for time served in Kansas, he would have served less than three years on his Iowa sentence. While a prisoner is ordinarily paroled after that period of confinement on a five-year sentence, he is not entitled to release as a matter of right. See section 246.38, The Code. However, this is unimportant in view of our holding that the sentences did not run concurrently.

The issue is one we have never been called upon to decide. In Dickerson v. Perkins, 182 Iowa 871, 875, 166 N.W. 293, 294, 295 (1918), we held that sentences by different district courts of this state are to be served concurrently unless it is specifically provided otherwise. We have never said this rule applies to sentences for different crimes imposed by the courts of different sovereignties.

In the present case, the Mahaska district court was aware when sentence was imposed that petitioner was then serving time in Kansas, since it was necessary to institute proceedings for bond forfeiture to return him from that state to answer to the Iowa charge. The record also shows the matter of concurrent or consecutive terms was brought to the attention of the sentencing court; but the judgment was nevertheless silent on how the terms should be served. We need not decide if there is *authority* to order concurrent terms when the crimes are against different sovereigns. We limit our consideration to the particular question here: Does an Iowa criminal sentence run concurrently with a criminal sentence imposed by a sister state in the absence of a specific direction to that effect?

We believe the great weight of authority holds against the petitioner's position. The general rule, both at common law and by statute, is that sentences imposed for two crimes committed in the same state are to be served concurrently unless the sentencing judge in the second case provides otherwise. This has been our holding under section 789.12, The Code. Dickerson v. Perkins, supra. See also Fisher v. Hollowell, 199 Iowa 335, 338–340, 202 N.W. 103, 104 (1925). However, virtually all authorities hold this does not apply when the sentencing is by the courts of different

sovereigns. In 24B C.J.S. Criminal Law § 1996(6), page 677, the rule is stated this way:

"Except as the rule is changed by statute to the contrary, two or more sentences imposed by courts of different sovereignties, such as two states, or a state and the United States, and silent as to their cumulative or concurrent character, will ordinarily be construed as consecutive and not concurrent. * * *"

Some of the many cases accepting this principle are: Chaney v. Ciccone, 8 Cir. (1970), 427 F.2d 363, 365; Grimes v. Greer, 223 Ga. 628, 157 S.E.2d 260, 261 (1967); Commonwealth ex rel. Jones v. Rundle, 413 Pa. 456, 199 A.2d 135, 138 (1964); Commonwealth ex rel. Pitts v. Myers, 196 Pa.Super. 277, 175 A.2d 331, 333 (1961); People ex rel. Winelander v. Denno, 9 A.D.2d 898, 195 N.Y.S.2d 165, 167 (1959); Cohen v. New York (Court of Claims 1965), 47 Misc.2d 470, 262 N.Y.S.2d 980, 982; United States v. Harrison, D.C. of New Jersey, 156 F.Supp. 756, 760 (1957); People ex rel. Rainone v. Murphy (New York 1955), 1 A.D.2d 754, 147 N.Y.S.2d 197; Ex parte Chadwick (1951), 155 Tex.Cr.R. 410, 236 S.W.2d 128, 129; People ex rel. Hesley v. Ragen, 396 Ill. 554, 72 N.E.2d 311, 315 (1947); Vanover v. Cox, 8 Cir. (1943), 136 F.2d 442, 443; People ex rel. Courtney v. Thompson, 358 Ill. 81, 192 N.E. 693, 697 (1934).

The petitioner relies almost exclusively on the Michigan case of In re Carey's Petition, 372 Mich. 378, 126 N.W.2d 727 (1964). The court there overruled several of its previous cases by a four-to-three decision, saying, "[W]e hold that where a defendant has been sentenced in federal court, and is subsequently sentenced in a state court or courts, sentence may not be imposed to commence at the completion or expiration of federal sentence, in the absence of statutory authority."

Although this case involved sentences imposed by a federal court and a state court, petitioner argues the rule announced

should apply equally to sentences imposed by two states. We accept that premise for the purpose of our discussion.

Several states facing similar problems have rejected the rationale of In re Carey. State v. Azzone, 271 Minn. 166, 135 N.W. 2d 488, 498 (1965); Wilson v. Warden of Connecticut State Prison, 26 Conn.Sup. 4, 209 A.2d 688, 689 (1964). California, however, appears to have interpreted its own sentencing statute to achieve substantially the same result as Michigan did in Carey. The California Supreme Court has said:

"Penal Code section 669 provides in effect that when any person has been convicted of two or more crimes, whether in the same court or different courts, the last sentence shall be served concurrently with the prior sentences unless the trial judge determines within a specified period of time that it shall run consecutively. In re Stoliker (1957) 49 Cal.2d 75, 315 P.2d 12, held that the provisions of this section apply to cases in which the prior conviction was imposed by a federal court, and ordered that the petitioner be transferred to the custody of federal authorities since the latter would not credit him with time served in state institutions. The statute also applies to cases in which the prior conviction was in the court of another state." In re Patterson, 64 Cal.2d 357, 49 Cal.Rptr. 801, 803, 411 P.2d 897, 899 (1966). See also People v. Massey, 196 Cal.App.2d 230, 16 Cal.Rptr. 402, 407 (1961), and In re Stoliker, 49 Cal.2d 75, 315 P.2d 12, 13, 14.

■ We hold the rule that multiple sentences are to run concurrently unless otherwise ordered applies only to sentences imposed for offenses committed against the criminal laws of this state and that both section 789.12 and the principles stated in Dickerson v. Perkins, supra, apply only to such factual situations. Penal laws have no extraterritorial effect. People v. Denno, supra, 195 N.Y.S.2d at 167; Grimes v. Greer, supra, 157 S.E.2d at 261.

■ Our conclusion is bolstered by the provisions of section 246.38, The Code, which includes the condition that a prisoner "shall be deemed to be serving his sentence from the day on which he is received into the institution." It is clear from the statute the "institution" referred to must be either the Iowa penitentiary or its reformatory.

■ For the reasons heretofore stated we hold the sentence of the Mahaska district court did not run concurrently with the term petitioner was then serving in Kansas.

II. Petitioner's second complaint is that the crime to which he plead guilty is not an included offense of the crime charged in the information filed against him. He says his plea is therefore void. This really raises the objection that petitioner was convicted of a crime of which he was not accused.

■ Petitioner, who was represented by counsel at all times prior to entering his plea, also insists the plea was fatally bad because nowhere is the felony which he supposedly intended to commit in making the assault specified. This is answered by State v. Wagoner, 247 Iowa 461, 463, 74 N.W.2d 246, 247, 248 (1956), where, in absence of motion for bill of particulars, we upheld an indictment charging this same crime without mentioning the felony defendant had in mind.

Defendant's main argument under this division, however, is that his plea—and therefore his conviction—is void because he could enter no valid plea to violating section 694.5 under the information then before the court, which charged only commission of a crime under section 698.4.

■ Even if we concede assault with intent to commit a felony is not an included offense under an information charging assault with intent to commit rape, a voluntary plea of guilty to that offense is not rendered void because the information did not technically charge petitioner with the crime for which he was sentenced.

In State v. Meyers, 256 Iowa 801, 804, 805, 129 N.W.2d 88, 91 (1964), we held a judgment of conviction upon a voluntary plea of guilty to a crime for which one was not indicted is not necessarily void. We said there, "The troublesome question appearing at this point is that the information does not technically charge the appellant with the offense for which he was sentenced. While it may have been better if the court had required the filing of a new information in this case, we are not convinced the error in accepting the plea prejudiced appellant in any way.

"Did the failure to file a new information constitute reversible error? We think not. Under the circumstance revealed, we think appellant waived this irregularity. * * *"

We believe the Meyers' decision and the authorities there relied on control here and that petitioner waived the imperfection upon which he now seeks to rely. While State v. Meyers was decided on a silent record which would not suffice under present-day standards as outlined in State v. Sisco, 169 N.W.2d 542 (Iowa 1969), we have no such problem here. The record shows, and petitioner admits, the plea was a voluntary one, knowingly and intelligently made with a full appreciation of the consequences.

We have often held a guilty plea waives all irregularities except that the information or indictment charges *no* offense and the right to challenge the validity of the plea itself. State v. Dorr, 184 N.W.2d 673, 674 (Iowa 1971) and State v. Culbert, 188 N.W.2d 325, 326 (Iowa 1971) and authorities there cited.

We reject petitioner's second assignment of error as being without merit.

III. Finally petitioner assails the manner in which he was returned to Iowa after his Kansas parole because he was taken

to Fort Madison instead of to Oskaloosa as his waiver of extradition stated.

Briefly this problem developed in the following manner. Petitioner was paroled by the Kansas Board of Parole on the condition he return to Iowa. At the time of his parole he signed a waiver of his "right to demand the issuance of warrant of extradition * * * and freely and voluntarily [agreed] to accompany any duly authorized officer or agent of the State of Iowa, to the City of Oskaloosa, State of Iowa" to answer the criminal charges pending against him.

Petitioner says he would not have signed the waiver if he had known he was to be taken to Fort Madison instead of Oskaloosa. We find no authority for the claim this makes his incarceration illegal; and petitioner cites none.

We mention parenthetically it is difficult to accept petitioner's testimony that he believed he was to go to Oskaloosa to "answer criminal charges against him." He knew no such matters were pending there. He had been convicted three years earlier on a plea of guilty to the only charge filed against him.

However, the real answer to this complaint is that, even if everything petitioner says is true, the failure to take him to Oskaloosa does not entitle him to release from custody.

The general rule is that a state's right to try—and to imprison—a defendant for a crime is not defeated by the manner in which he comes within its jurisdiction. We recently again approved this principle in Gardels v. Brewer, Warden, 190 N.W.2d 803, 806 (Iowa 1971) See also 21 Am. Jur.2d, Criminal Law, section 381, page 401; Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541, 545 (1952); Goodman v. Commonwealth, Ky. (1968), 423 S. W.2d 905, 907; State v. Johnson, 277 Minn. 230, 152 N.W.2d 768, 773, 774 (1967); Davis v. Rhay, 68 Wash.2d 496, 413 P.2d 654, 656, 657 (1966); State v.

Green, 2 N.C.App. 391, 163 S.E.2d 14, 16 (1968); State v. Wharton, 194 Kan. 694, 401 P.2d 906, 907 (1965); State v. Fox, 250 Or. 83, 439 P.2d 1009, 1010 (1968); Brooks v. Boles, 151 W.Va. 576, 153 S.E. 2d 526, 529 (1967); Hobson v. Crouse, 10 Cir., 332 F.2d 561, 562 (1964); Yurk v. Brunk, 202 Kan. 755, 451 P.2d 230, 231 (1969); Annotation 165 A.L.R. 947, 948, 962.

IV. We mention briefly petitioner's complaint he was illegally admitted to the penitentiary. He asserts the mittimus was fatally defective because it recited he had been convicted of assault with intent to commit rape (the original charge) instead of assault with intent to commit a felony (the crime to which he plead guilty). This error was discovered and a corrected mittimus was promptly filed with the warden by the clerk of the Mahaska district court.

We find nothing here to entitle petitioner to his release. A defect in the commitment does not require the prisoner's discharge as long as there is a valid judgment of conviction to support it. Joyner v. Findley, 199 Iowa 782, 784, 785, 202 N.W. 831, 833 (1925); Nelson v. Bennett, 255 Iowa 773, 779, 123 N.W.2d 864, 867, 868 (1963).

Finding no reversible error, the judgment of the trial court is affirmed.

Affirmed.

MOORE, C. J., and MASON, REES and UHLENHOPP, JJ., concur.

BECKER and RAWLINGS, JJ., dissent; REYNOLDSON, J., dissents in part; HARRIS, J., takes no part.

BECKER, Justice.

I respectfully dissent.

I. I would adopt the rationale used by the Michigan and California courts as to concurrent versus consecutive sentencings.

The rule that sentences are presumed to run concurrently rather than consecutively should apply to all sentencing regardless of the jurisdiction.

I would hold the time served in Kansas subsequent to the Iowa sentencing should be credited on defendant's Iowa sentence. If more time remains defendant should be held to serve it under present existing rules and regulations. If the time has been fully served (after the above mentioned credit) defendant should be released.

II. I also reject the broad rule holding the manner in which a defendant is brought within the court's jurisdiction is immaterial. Dissent in Gardels v. Brewer, Warden, 190 N.W.2d 803, 807 (Iowa 1971). However based on the facts in this case, I would uphold the trial court's holding in this regard.

RAWLINGS, J., joins in this dissent.

REYNOLDSON, J., joins in Division I of this dissent.