# IN THE COURT OF APPEALS OF IOWA

No. 13-1844
Filed June 15, 2016

**BILLIE JO CHAPMAN,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____


Appeal from the Iowa District Court for Pottawattamie County, Kathleen A. Kilnoski, Judge.


An applicant appeals the district court's summary dismissal of his application for postconviction relief. **AFFIRMED.**


Brian S. Munnelly of Munnelly Law Office, Omaha, Nebraska, for appellant.

Billie Jo Chapman, Coralville, pro se.

Thomas J. Miller, Attorney General, Kevin Cmelik and Alexandra Link (until withdrawal), Assistant Attorneys General, for appellee State.


Considered by Vogel, P.J., and Doyle and Bower, JJ

**VOGEL, Presiding Judge.**

In May 2011, Billie Jo Chapman pled guilty to second-degree burglary and willful injury causing serious injury while in the possession of a dangerous weapon. He was sentenced to two, ten-year terms to be served concurrently with a five-year mandatory minimum, consistent with the plea agreement. Chapman filed a direct appeal, and his conviction was summarily affirmed by this court, preserving his ineffective-assistance claims for possible postconviction relief (PCR). *State v. Chapman*, No. 11-0856, 2012 WL 4513848, at *1 (Iowa Ct. App. Oct. 3, 2012).

Chapman then filed this PCR application in October 2012. The State filed a motion for summary dismissal, which came before the court for a hearing on August 23, 2013. The PCR court noted Chapman's claim, among others, was that his plea counsel was ineffective in allowing him to plead guilty while an evidentiary hearing on his habeas corpus claim was pending.[1] The PCR court granted the State's motion and dismissed Chapman's claims stating, "Assuming the facts Mr. Chapman has alleged are true—and the court notes that the State's witnesses do not agree with Chapman's version of events—he cannot show that he was prejudiced by entering his plea while any potential habeas claim was still pending." As the PCR court noted, the controlling law provides: "The general rule is that a state's right to try—and to imprison—a defendant for a crime is not defeated by the manner in which he comes within its jurisdiction." *Herman v. Brewer*, 193 N.W.2d 540, 546 (Iowa 1972).

---

[1] Chapman asserts the manner in which he was arrested in Nebraska and then extradited to Iowa to face the pending charges was improper.

On appeal, Chapman asserts the court erred in summarily dismissing his claim. He asserts genuine issues of material fact exist regarding whether or not he was assaulted and tasered during his arrest. We note the PCR court, in ruling on the State's motion, assumed the facts Chapman alleged regarding his detention and arrest were true, but it still rejected his claim based on the supreme court's ruling in *Herman*. Chapman asks this court to overrule *Herman*. "We are not at liberty to overturn Iowa Supreme Court precedent." *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990).

Chapman filed a separate pro se brief in this appeal, contesting the evidence of his identity as the perpetrator of the crime. Setting aside the error preservation concerns,[2] by pleading guilty Chapman waived all defenses and objections which are not intrinsic to the plea. *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). There is no claim plea counsel was ineffective in this regard. Chapman also raises pro se claims regarding his arrest in Nebraska and extradition to Iowa. These challenges are likewise denied in light of *Herman*.

We affirm the district court's summary dismissal without further opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), and (d).

**AFFIRMED.**

---

[2] Issues must be both raised in and decided by the district court before we will address them on appeal. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).